[Crim. No. 8390.   Second Dist., Div. Three.   Nov. 19, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. BILLIE EDWARD JONES, Defendant and Appellant.

Billie Edward Jones, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—Ervin Wayman, Billie Edward Jones and Joseph White were jointly accused of the crime of burglary and Billie Edward Jones of three prior felony convictions, one of robbery, and two of burglary.

In a nonjury trial, in which all defendants were represented by the public defender, defendant White was acquitted, apparently on the testimony that he had not known that the store in question was going to be burglarized by the other two defendants. He stated that he had stopped near it at their suggestion, and had merely given them a ride in his automobile, having picked them up a short time before the alleged burglary took place. The record does not disclose what happened to the defendant Ervin Wayman. Jones was convicted of second degree burglary and the prior convictions were proved as alleged.

Probation was denied and Jones was sentenced to the State Prison. He appealed from the judgment in propria persona and applied for appointment of counsel. We read the record, determined the appeal to be frivolous, and denied the application. Appellant was notified, given time to file a brief and none has been filed.

The following evidence was received: A Mrs. Jane Thompson testified that defendant White drove her to work on Western Avenue shortly after 3 a.m. White testified that after he drove Mrs. Thompson to work, he stopped at a signal light, Jones approached the car, asked for a ride, and both Jones and Wayman entered the car and rode south with White but a short distance, when Wayman asked White to stop a few minutes while he picked up some clothes at his sister's house. When the car was stopped Jones and Wayman made two trips into a building and returned with merchandise which they threw into the back seat.

Officers Henry W. Kellough and Westfall drove up and stopped. The officers apprehended all three defendants, and found various articles of men's clothing in the car, including 54 hats and 30 shirts. The plate glass of the front door of the store was broken and the door was ajar.

At the trial Jones testified he had entered the car seconds before the officers appeared and had no knowledge of the merchandise in question.

The shop owner identified the hats and shirts and a radio that was found in the car as merchandise that was missing from the shop.

Defendant was adequately represented by the public defender; the appeal presents no question of law.

The judgment is affirmed.